IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

JEFFERY P. OLINDE                                                                  PETITIONER

VS.                                                       CIVIL ACTION NO. 3:16cv628-DPJ-FKB

B.E. BLACKMAN                                                                     RESPONDENT

## REPORT AND RECOMMENDATION

This is an action pursuant to 28 U.S.C. § 2241 brought by a federal prisoner incarcerated at the Yazoo City Federal Correctional Complex. Petitioner asserts that his sentence was improperly enhanced under the career offender provisions of the sentencing guidelines. The undersigned recommends that the petition be dismissed.

Jeffery P. Olinde was convicted in 2004 in the United States District Court for the Middle District of Louisiana of manufacturing methamphetamine (Count 2), possession of a firearm and ammunition by a convicted felon (Count 3), and possession of a firearm in furtherance of a drug trafficking crime (Count 4). Thereafter he was sentenced as an armed career criminal under the Armed Career Criminal Act (ACCA), to terms of 262 months on Count 3 and 240 months on Count 2 to be served concurrently, followed by a consecutive term of 60 months on Count 4. His conviction and sentence were affirmed on appeal.

In 2007, Olinde filed a motion under 28 U.S.C. § 2255 alleging ineffective assistance of counsel. The motion was denied, and the Fifth Circuit denied a certificate of appealability. He subsequently sought authorization from the Fifth Circuit for the filing of a successive § 2255 motion based upon *Johnson v. United States*, 135 S.Ct.

2551 (2015).[1]  By order entered June 21, 2016, the Fifth Circuit denied Olinde's request.  In the order, the court acknowledged that Olinde was relying upon a new rule of constitutional law (such reliance being a basis under 28 U.S.C. § 2255(h)(2) for the filing of a successive petition), but found that *Johnson* did not apply to Olinde's sentence.  [7-5].

In his § 2241 petition, Olinde argues that under *Johnson* and related cases,[2] one of the prior convictions used to support his career offender enhancement under the sentencing guidelines no longer qualifies as a crime of violence and that his sentence is therefore invalid and should be vacated.

Generally, the proper vehicle for challenging a conviction or sentence is a motion under 28 U.S.C. § 2255 in the court of conviction, not a § 2241 action in the district of incarceration.  *Ojo v. I.N.S.*, 106 F.3d 680, 683 (5th Cir. 1997) (errors occurring before or during sentencing should be attacked pursuant to § 2255, not § 2241).  Olinde contends that he may nevertheless proceed under § 2241 because his claims fall under the "savings clause" exception of § 2255, which allows a prisoner to resort to § 2241 if he establishes that a remedy under § 2255 is inadequate or unavailable.  *See* 28 U.S.C. § 2255(e).  A remedy is inadequate if a petitioner's claim (1) is based upon a

---

[1]In *Johnson*, the Supreme Court struck down as unconstitutional the "residual clause" of the ACCA, *i.e.*, the clause that includes in the Act's definition of a "violent felony" a crime that "involves conduct that presents a serious potential risk of physical injury to another."  *See* 18 U.S.C. § 924(e)(2)(B).

[2]In addition to relying on *Johnson*, Olinde cites to *Welch v. United States*, 136 S. Ct. 1257 (2016) (holding that *Johnson* applies retroactively on collateral review); *Descamps v. United States*, 133 S.Ct. 2276 (2013) (holding that a court may not look beyond the text of a statute with indivisible elements to determine whether the crime qualifies as a crime of violence under the ACCA), and *Mathis v. United States*, 136 S.Ct. 2243 (2016) (holding that in order to qualify as crime of violence under the ACCA, the elements of crime of prior conviction cannot be broader than those of the generic offense).

retroactively applicable Supreme Court decision establishing that he may have been convicted of a nonexistent offense and (2) was foreclosed by circuit law at the time when the claim should have been raised in his trial, direct appeal, or first § 2255 motion. *Reyes-Requena v. United States*, 243 F.3d 893, 904 (5th Cir. 2001). Olinde's position is that he may claim the benefits of the savings clause because his attack on his sentence enhancement is based upon a newly-recognized, retroactively-applicable rule of law.

It is well-established in the Fifth Circuit that claims relating to sentence enhancement determinations do not fall within the savings clause and are not cognizable under § 2241. *See, e.g.*, *In re Bradford*, 660 F.3d 226, 230 (5th Cir. 2010) (claim that petitioner was actually innocent of career offender enhancement did not satisfy savings clause); *Padilla v. United States*, 416 F.3d 424, 426-27 (5th Cir. 2005) (claim that sentence was improperly enhanced did not meet requirements of savings clause); *Kinder v. Purdy*, 222 F.3d 209, 213-14 (5th Cir. 2000) (claim that petitioner was not a career offender under sentencing guidelines did not fall within savings clause). Because Olinde cannot challenge his sentence enhancement pursuant to § 2241, the petition should be dismissed.

Accordingly, the undersigned recommends that the petition be dismissed with prejudice. The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendation contained within this report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual

findings and legal conclusions accepted by the district court.  28 U.S.C. § 636; Fed. R. Civ. P. 72(b); *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

Respectfully submitted, this the 9th day of March 2018.

s/ F. Keith Ball
United States Magistrate Judge
